[Cite as *State v. Moody*, 2021-Ohio-1923.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-052 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| RICKY LEE MOODY, JR., | |
| Defendant-Appellant. | Trial Court No. 2018 CR 000866 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: June 7, 2021
Judgment: Appeal Dismissed

*Charles Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Ricky Lee Moody, Jr.,* pro se, PID#: A770-961, Grafton Correctional Institution, 2500 South Avon-Belden Road, Grafton, OH 44044 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} On April 28, 2021, appellant, pro se, filed a notice of appeal and motion for leave to file a delayed appeal. Appellant appeals from the trial court's March 20, 2020 entry sentencing him to serve five years in prison, concurrently with the Summit County sentences he is presently serving, after he entered a plea of guilty to aggravated possession of drugs.

{¶2} A timely notice of appeal was due no later than April 20, 2020, which was not a weekend or a holiday, so the appeal is untimely.

{¶3}   No brief or response in opposition to the motion has been filed.

{¶4}   App.R. 5(A) provides, in relevant part:

{¶5}   "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶6}   "(a)  Criminal proceedings;

{¶7}   "(b)  Delinquency proceedings; and

{¶8}   "(c) Serious youthful offender proceedings.

{¶9}   "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *."

{¶10}   As reasons for the delay in filing his appeal, appellant indicates:  1) he was "never in receipt of [his] sentencing journal entry from [his] lower court case," and he was not notified of his right to appeal and for appointment of counsel; 2) since arriving at the prison, he has not had access to the law library to file a timely appeal; and 3) the law librarian could not retrieve a digital copy of the sentencing entry online from the [Lake] County website, and he had to wait for family and friends to go to the clerk's office to get a copy of the entry to mail to him.

{¶11}   A review of the trial court record shows that in the past year, between the time of appellant's sentence and his present notice of appeal, appellant filed three pro se motions for jail time credit and a motion for reconsideration with the trial court.

{¶12}   Not only is appellant's reason of not having his sentencing entry available not convincing, but his other reasons fail to justify the delay in filing his appeal.

2

Case No. 2021-L-052

{¶13} Thus, it is ordered that appellant's motion for leave to file a delayed appeal is overruled, and the appeal is dismissed.

MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

Case No. 2021-L-052